## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") entered into by and between Richard H. Perkins by Executrix Nancy Brady Jones ("Perkins") and John Skidmore Development, Inc., John K. Skidmore, II and Gregory B. Skidmore ("Skidmore") (collectively, the "parties").

## BACKGROUND

On December 9, 2015, Perkins filed an action against Skidmore, styled as *Richard H. Perkins v. John Skidmore Development, Inc., John K. Skidmore, II and Gregory B. Skidmore*, Case No. 15-C-57 (Circuit Court of Braxton County) that was removed to the United States District Court Northern District, Case No. 1:16-cv-6 (the "Perkins Litigation"). Perkins alleges in the Perkins Litigation that Skidmore violated the Fair Labor Standards Act (the "FLSA") by failing to pay him overtime compensation for hours he worked over 40 in a workweek during his employment with Skidmore and the West Virginia Wage Payment and Collection Act (the "WPCA") by failing to pay his final wages within seventy-two hours of his termination. Perkins' also alleges several theories of wrongful termination.

Skidmore denies any and all liability to Perkins and denies committing any of the wrongful or illegal acts against Perkins as alleged in Perkins Litigation.

The parties desire to enter into this Agreement to provide, among other things, for a reasonable settlement and full discharge of any and all disputes brought or which could have been brought by Perkins against Skidmore.

## SPECIFIC PROVISIONS

In exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the parties agree as follows:

1.      **Skidmore's Payment to Perkins.**

A.      Skidmore agrees to pay Perkins the total gross sum of Twenty-Three Thousand Dollars ($23,000.00) (the "Settlement Sum") in full compromise and settlement of any and all claims Perkins had, has, or may have against Skidmore. Skidmore agrees to provide the Settlement Sum to Perkins' attorney, Mark Toor, Esq. after the Agreement is approved by the Court, and after the seven day revocation period passes without Perkins providing notice of intent to revoke this Agreement pursuant to Paragraph 7(B) herein. The parties agree that the Settlement Sum shall be paid as follows:

(i)      <u>Alleged Wages.</u> Skidmore shall pay to Perkins Ten Thousand Dollars ($10,000.00) in full settlement of any claims Perkins may have against Skidmore for unpaid wages according to the terms and conditions set forth in this Agreement. This sum will be paid by a check made payable to "Estate of Richard H. Perkins." The parties acknowledge and agree that this portion of the Settlement Sum is paid as a result of a disputed claim for unpaid wages in the Perkins Litigation and, therefore, Skidmore will issue a Form W-2 to Perkins in connection

**EXHIBIT A**

with the payment of this portion of the Settlement Sum.  Further, Skidmore will withhold from this portion of the Settlement Sum all federal, state, and local taxes or other standard withholdings.

        (ii)   <u>General Release Consideration</u>.  Skidmore shall pay to Perkins One Thousand Five Hundred Dollars ($1,500.00) in full settlement of any claims Perkins may have against Skidmore for general damages permitted by the non-FLSA claims and as consideration for the general release provision, according to the terms and conditions set forth in this Agreement.  This sum will be paid by a check made payable to "Estate of Richard H. Perkins." The parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for general damages in the Perkins Litigation and consideration for the general release; therefore, as to this portion of the Settlement Sum, Skidmore will issue a Form 1099 to the Estate of Richard H. Perkins and will not make any deductions or withholdings.

        (iii)   <u>Attorneys' Fees and Costs</u>.  Skidmore shall pay to Perkins a gross sum of Eleven Thousand Five Hundred Dollars ($11,500.00) in full settlement of any claims Perkins had, has, or may have as to the recovery of his attorneys' fees and costs for his claims.  This sum will be paid by a check made payable to "Mark Toor"  The parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for attorneys' fees and costs incurred by Perkins and, therefore, as to this portion of the Settlement Sum, Skidmore will issue a Form 1099 to Perkins and Mark Toor, and will not make any deductions or withholdings.

        B.    Perkins acknowledges that the Internal Revenue Service may challenge the taxability of portions (ii) and (iii) of the Settlement Sum set forth above, and that these portions of the Settlement Sum may be found to be taxable.  If the taxability of these portions of the Settlement Sum are challenged by the Internal Revenue Service or any other person or entity, and are determined to be taxable to Skidmore, then Perkins agrees that he is solely responsible for payment of any taxes that may be due on that sum.  Perkins further agrees to indemnify Skidmore against any claims by any person or entity that Skidmore wrongfully failed to withhold or contribute any monies from those portions of the Settlement Sum, or failed to pay any amount due on them (including the reimbursement of any tax, penalty, interest, or attorneys' fees and costs incurred by Skidmore in defending such claims).  The parties agree that they will cooperate with each other, and provide any information or documents necessary to respond to any complaint, claim, or investigation regarding the taxability of this portion of the Settlement Sum.

        C.    Notwithstanding that the Settlement Sum is paid with respect to alleged unpaid wages, general damages, consideration for the general release, and attorneys' fees and costs, Perkins agrees to release Skidmore from any and all other damages he claims according to the terms and conditions set forth in this Agreement.

        D.    Perkins understands that the Settlement Sum shall constitute the sole financial obligation of Skidmore to Perkins under the terms of this Agreement.  Perkins acknowledges and agrees that the Settlement Sum is sufficient consideration for the releases and other promises made by Perkins in this Agreement.

**EXHIBIT A**

2.     **Perkins' Obligations to Skidmore.**

A.     In further consideration of the benefits conferred to Perkins under this Agreement and as described in Section 1 above, within ten (10) business days of the date this Agreement becomes fully executed by the parties, Perkins will jointly file with Skidmore (1) a motion seeking approval of the settlement and dismissal of Perkins' claims in the Perkins Litigation with prejudice and (2) a motion requesting that the Court review the terms of settlement.

B.     Perkins represents and warrants to Skidmore that, other than the Perkins Litigation, he has no pending charges, complaints, claims, or actions against Skidmore, or any existing or former owner, employee, agent, or representative of Skidmore. In addition, Perkins represents that he has not assigned, transferred, or given away to any person or entity any claim or action he has, or may have, against Skidmore. Nothing in this Agreement shall interfere with Perkins' right to file a charge or cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or other federal, state, or local regulatory or law enforcement agency. However, the consideration provided to Perkins in this Agreement shall be the sole relief provided to Perkins for the claims that are released by Perkins herein and Perkins will not be entitled to recover and agrees to waive any monetary benefits or recovery against Skidmore in connection with any such claim, charge, or proceeding without regard to who has brought such complaint or charge.

C.     Perkins agrees to be bound by the release provisions contained in Section 3, below.

3.     **General Release by Perkins.**

A.     Perkins hereby releases and forever discharges Skidmore from any and all claims he has, had, or hereafter may have against Skidmore based upon his employment with Skidmore, the termination of his employment with Skidmore, or any other aspect of his relationship with Skidmore.

B.     Perkins further agrees to, and hereby does, release and forever discharge Skidmore from any and all contract actions, tort actions, statutory actions (including, without limitation, claims under the Fair Labor Standards Act of 1938, as amended; the West Virginia Wage Payment and Collection Act; Title VII of the Civil Rights Act of 1964, as amended; the West Virginia Human Rights Act; the West Virginia Workers' Compensation Act (including, but not limited to, discrimination and retaliation claims under W. Va. Code §§ 23-5A-1, *et seq.*, but not including claims filed under the Act); the Rehabilitation Act of 1973; the Age Discrimination in Employment Act of 1967, as amended; the Older Worker's Benefit Protection Act; the Employee Retirement and Income Security Act of 1974; the Americans with Disabilities Act of 1990, as amended; the Genetic Information Nondiscrimination Act of 2008; the Civil Rights Acts of 1866 and 1991; the National Labor Relations Act, as amended; the Equal Pay Act of 1963); and various state and local laws, administrative actions, and constitutional claims, as well as all claims for costs, expenses, or attorneys' fees, for which Perkins had, has, or hereafter may have against Skidmore, including, but not limited to any and all claims, damages, or losses, known or unknown, directly or indirectly sustained by Perkins in connection with any matter

      **EXHIBIT A**

arising out of his employment or any other relationship with Skidmore, or any other facts or occurrences from the beginning of time up to and including the date and time he executes this Agreement.

**4.    Non-disparagement.**   Perkins agrees that neither he, nor anyone acting on Perkins' behalf, at Perkins' direction or with Perkins' encouragement or assistance, will disparage Skidmore orally or in writing, which includes, but is not limited to, making negative comments about Skidmore or Perkins' employment with Skidmore.  Perkins will not participate in any way in the making or publication of any statement that libels, slanders, defames or disparages Skidmore.

**5.    Non-admission of Liability.**   The parties acknowledge and agree that the settlement of Perkins' claims (i) does not constitute any admission of liability by Skidmore; (ii) does not constitute an admission by Skidmore of the validity of any of Perkins' legal or factual contentions; and (iii) is solely for the purpose of avoiding the expense and inconvenience of further proceedings between the parties.

**6.    Entire Agreement.**   This is the entire agreement between Perkins and Skidmore on the subject matter of this Agreement.  This Agreement may not be modified or canceled in any manner except by a writing signed by both Perkins and Skidmore.  The parties acknowledge that no party has made any representations or promises other than those in this Agreement.

**7.    Opportunity for Review/Right of Revocation.**

A.    Perkins agrees that he was provided with at least twenty-one (21) days to consider the Agreement, and has had the opportunity to consult with an attorney prior to executing this Agreement.

B.    Pursuant to federal law, this Agreement is revocable by Perkins for a period of seven (7) days following the date that Perkins executes the Agreement.  In the event that Perkins revokes this Agreement, he agrees that he will not be entitled to any portion of the Settlement Sum, if any portion of the Settlement Sum has been paid to him, and he will immediately return any portion of the Settlement Sum that has been paid to him.

**8.    Informed, Voluntary Signature.**   In entering into this Agreement, Perkins represents that, before executing this Agreement, he has completely read all the terms herein and that he fully understands and voluntarily accepts the terms after having the opportunity to consult adequate legal counsel of his choice.  Perkins further acknowledges and agrees that he has received a reasonable period of time to consider this Agreement and that the subsequent discovery of any facts by Perkins, whether or not existing on the date of this Agreement and no matter how material, shall have no effect on the validity of the Agreement.

**9.    Attorneys' Fees and Costs.**   Other than as set forth in Section 1, above, the parties agree to bear their own attorneys' fees and costs in connection with Perkins' claims in the Perkins Litigation, and in the preparation of this Agreement.  However, in the event that either party institutes an action to enforce any provision contained in this Agreement, the prevailing

party shall be entitled to recover attorneys' fees and costs from the other party, including any fees and costs on any appeal(s).

**10.**   **Miscellaneous.**

A.     This Agreement shall be construed as a whole according to its fair meaning.  It shall not be construed strictly for or against Perkins or Skidmore.  Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other.  Captions and headings are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.  This Agreement shall be governed by the statutes and common law of the state of West Virginia, without regard to conflict of law principles.

B.     If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.  The covenants set forth in this Agreement shall be considered and construed as separate and independent covenants.  Should any part or provision of this Agreement be held invalid, void or unenforceable in any court or agency of competent jurisdiction, or by an arbitrator or panel of arbitrators, such invalidity, voidness or unenforceability shall not render invalid, void or unenforceable any other part or provision of this Agreement.

C.     This settlement is contingent upon the Court's approval of this Agreement and the dismissal with prejudice of Perkins' claims in the Perkins Litigation.  If, for whatever reason, the Court does not approve this Agreement and does not dismiss Perkins' claims in the Perkins Litigation, then all parties are discharged of any and all obligations they have under the terms of this Agreement.

D.     The parties agree that, unless required by law or a court of competent jurisdiction, this document shall remain confidential and will not be used for any purpose other than enforcing its specific terms in any proceedings between the parties.  If this document must be filed in any court proceeding, the person seeking to file it will do so only under seal unless expressly prohibited by the court.

E.     The parties retain any rights they may have arising from a breach of this Agreement.  Any use of this Agreement in any action arising from a breach of the Agreement shall be "under seal" only.  The failure of Perkins or Skidmore to insist upon the performance of any of the terms and conditions in this Agreement, or the failure to prosecute any breach of any of the terms and conditions of this Agreement, shall not be construed as a waiver of any term or condition of this Agreement.  This entire Agreement shall remain in full force and effect as if no such forbearance or failure of performance had occurred.

F.     As used in this Agreement, the term "Skidmore" shall mean John Skidmore Development, Inc., John K. Skidmore, II and Gregory B. Skidmore.

F.     As used in this Agreement, the term "Perkins" shall mean Richard H. Perkins as well as his heirs, personal representatives, assigns, successors, agents, and attorneys.

**ESTATE OF RICHARD H. PERKINS**

BY:     _____
             Executrix Nancy Brady Jones

Date:   _____


**JOHN SKIDMORE DEVELOPMENT, INC.**

By:      _____

Title:   _____

Date:   _____


_____          _____
John K. Skidmore, II                                                    Date


_____          _____
Gregory B. Skidmore                                                   Date

**EXHIBIT A**

8065765.1