## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## CLARKSBURG DIVISION

RICHARD H. PERKINS, by
EXECUTRIX NANCY BRADY JONES,

       Plaintiff,

v.                                                                    Civil Action No. 1:16-CV-6
                                           Judge John Preston Bailey

JOHN SKIDMORE DEVELOPMENT, INC.,
JOHN K. SKIDMORE, II and
GREGORY B. SKIDMORE,

       Defendants.

### ORDER GRANTING JOINT MOTION FOR APPROVAL OF
### SETTLEMENT AGREEMENT

       The above-styled action is currently before the Court on the parties' Joint Motion

for Approval of Settlement Agreement [Doc. 18].  In their motion, the parties request that the

Court approve a settlement of plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C.

§ 201 et seq. ("FLSA"), and dismiss plaintiff's claims with prejudice.  After careful review of the

record, the arguments of the parties and the relevant law, the Court finds, for the reasons stated

below, that the parties' motion [Doc. 18] should be **GRANTED**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

       Plaintiff Richard H. Perkins ("Mr. Perkins") filed his four count Complaint in the

Circuit Court of Braxton County on or about December 9, 2015 [Doc. 1-1 at 2], against

Defendants John Skidmore Development, Inc., John K. Skidmore II, and Gregory B. Skidmore

("Defendants").  Mr. Perkins' allegations arose from his work as a security guard at Defendants'

hotel complex.  [*See, generally* Doc. 1-1 at ¶¶ 1–20].  With regard to his FLSA claim, Mr.

Perkins alleged that Defendants misclassified him as an independent contractor at certain times and failed to pay him overtime as required by the FLSA [*Id*. at ¶¶ 1–20]. Defendants timely removed this case to the Northern District of West Virginia on January 12, 2016 [Doc. 1]. Mr. Perkins died on January 21, 2016 [Doc. 7], and Plaintiff's Executrix, Nancy Jacqueline Brady Jones ("Plaintiff"), was substituted as the Plaintiff in this matter [Doc. 13]. On April 27, 2016, the parties jointly moved the Court to approve a settlement of Plaintiff's claims [Doc. 18].

## II.    STANDARD OF REVIEW

"FLSA rights cannot be abridged by contract or otherwise waived[.]" *Barrentine v. Arkansas–Best Freight System*, 450 U.S. 728, 740 (1981). Therefore, the parties must obtain this Court's approval for any settlement of Plaintiff's FLSA claim. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (citing S*chulte, Inc. v. Gangi*, 328 U.S. 108 (1946)). Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman v. LBDP, Inc.*, Civil No. DKC–12–1083, 2013 WL 2949047, *2 (D. Md. June 13, 2013) (citing *Lynn's Food Stores, Inc.* 679 F.2d at 1350).

A court will generally approve a settlement of a FLSA claim if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id*. at *3 (quoting *Lynn's Food*, 679 F.2d at 1355). Accordingly, the Court will first assess the "*bona fides* of the parties' dispute . . . to determine if there are FLSA issues that are 'actually in dispute.'" *Id*. (quoting *Lane v. Ko–Me, LLC*, Civil No. DKC–10–2261, 2011 WL 3880427, *2 (D. Md. Aug. 31, 2011)). The Court will then consider the terms of the parties' proposed Settlement Agreement for fairness and reasonableness by weighing the following factors:

(1)     the extent of discovery that has taken place;

(2)     the stage of the proceedings, including the complexity, expense and likely duration of the litigation;

(3)     the absence of fraud or collusion in the settlement;

(4)     the experience of counsel who have represented the plaintiffs;

(5)     the opinions of counsel;  and,

(6)     the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhoff, Inc.*, Civil No. 08–1310, 2009 WL 3094955, *10 (E.D. Va. Sept. 28, 2009).  Where, as is the case here, the proposed Settlement Agreement "includes a provision regarding attorneys' fees, the reasonableness of the award must also be independently assessed[.]"  *Id.* (internal quotation omitted).

## III.   DISCUSSION

The Court has conducted an *in camera* review of the Settlement Agreement and will now address each factor in turn.

### A.   Bona Fide *Dispute*

A *bona fide* dispute is evident from the Parties' Complaint and Answer.  "The Court may look to the pleadings and the Parties' representations in subsequent court filings to determine the existence of a *bona fide* dispute.  *See Saman*, 2013 WL 2949047 at *3 (citing *Lomascolo*, 2009 WL 3094955 at *16–17).   Plaintiff alleges that Defendants improperly classified him as an independent contractor when he should have been classified as a non-exempt employee for the purposes of the FLSA's overtime protections [Dkt. No. 1-1, at ¶¶5, 6].  Plaintiff alleges that he suffered damages due to this misclassification, namely denial of overtime pay,

amounting to approximately $10,000 per year [*Id.* at ¶¶22, 24]. Finally, Plaintiff alleges that Defendants misclassified him knowingly, thereby invoking the FLSA's three (3)-year recovery period, rather than the default two (2)-year period [*Id.* at ¶25].

Defendants deny these allegations [Dkt. No. 4, ¶¶6, 22–25]. They also assert five affirmative defenses to Plaintiff's FLSA overtime claim, alone [*Id.*, Affirmative Defenses 13–17]. The Parties' proposed Settlement Agreement also includes a clause in which Defendants deny all liability to Plaintiff. The proposed Settlement Agreement also repeatedly describes the settlement as a compromise of contested claims. In short, the Parties' pleadings and Settlement Agreement establish that there is a *bona fide* dispute as to Plaintiff's FLSA claim.

B.    *The Extent of Discovery*

To date, the Parties have served the required Rule 26(a)(1) disclosures and one set of written discovery, each. The Parties have also engaged in informal discovery to ascertain Plaintiff's FLSA damages'. While the parties have engaged in less discovery than in other FLSA cases before this Court, *e.g.*, *Bosley v. Dolgencorp, Inc.*, Civil No. 2:09-43, 2011 WL 124501, *2 (N.D. W. Va. Jan. 13, 2011) (observing that discovery period in FLSA collective action lasted more than four (4) years), this Court concludes that the parties have engaged in sufficient discovery to reach a fair and reasonable resolution Plaintiff's FLSA claim.

Two vital fact witnesses—Mr. Perkins and his spouse—are deceased.[1]  In light of that circumstance, this Court would elevate form over practicality if it found that the facts of this dispute were insufficiently developed to permit a reasonable settlement. Moreover, the parties' resolution of Plaintiff's FLSA claim at this early stage of litigation preserves for settlement

---

[1] The parties have represented that Mr. Perkins' spouse pre-deceased him.

"resources that otherwise would have been consumed by the litigation[.]" *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 409 (D. Md. 2014).

C.   *The Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation*

The parties state in their motion that they have agreed to a settlement of this matter in order to avoid the significant resources in both time and expense associated with further litigation.   They are correct.   Looking forward, continued litigation would involve discovery of pertinent documents and records maintained by the parties, if any, and depositions of the remaining fact witnesses.   Written discovery, depositions, drafting and defending a summary judgment motion, and preparing for trial are expensive endeavors.   Resolution at this early stage buys each party its peace and frees them from the obligations of protracted litigation.

D.   *The Absence of Fraud or Collusion in the Settlement*

"[I]n the absence of any evidence to the contract," there is a presumption that "no fraud or collusion occurred between counsel[.]" *Camp v. Progressive Corp.*, Civil No. 01-2680, 2004 WL 2149079, *7 (E.D. La. Sept. 23, 2004).   The parties represent that they reached the Settlement Agreement by arm's length negotiations over a period of several weeks.   The Settlement Agreement itself states that it is not the product of undue influence, duress, overreaching, collusion or intimidation.

E.   *The Experience of Counsel*

Counsel for both parties have significant experience in handling federal court litigation, generally, and FLSA claims in particular.   The parties represent that Plaintiff's counsel has been a member of the West Virginia State Bar since 1989, and that he has handled similar federal wage and hour claims in the past, both from the worker's perspective, as well as from the

employer's side.   With regard to defense counsel the Court notes that the Defendants are represented by Gerrard R. Stowers and Justin M. Harrison.   Mr. Stowers has been a member of the West Virginia State Bar since 1976, and is the past president of the West Virginia Defense Trial Counsel Institute.   Mr. Stowers has extensive litigation experience in state and federal courts in West Virginia.   Mr. Harrison has been a member of the West Virginia State Bar since 2003.   He has practiced labor and employment law for more than eleven years, and is well-versed in federal wage and hour law.

This element weighs in favor of approving the Parties' Settlement Agreement.

F.   *The Opinions of Counsel, the Probability of Plaintiff's Success on the Merits, the Amount of the Settlement in Relation to the Potential Recovery*

The Court finds that the amount of the proposed settlement is fair and reasonable in light of the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery [*See* Doc. 18 at 6–8 (representing that the parties propose to settle Plaintiff's FLSA overtime claim for its alleged full value)].   Counsel for Plaintiff and Defendants recommend that this Court approve the Parties' Settlement Agreement as a fair and reasonable resolution of the parties' *bona fide* dispute.   Courts are entitled to rely on the judgment of counsel for the parties in performing the "balancing task" necessary to reach a settlement, and, "absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." *Lomascolo,* 2009 WL 3094955 at *10 (citing *Flinn v. FMC Corp.,* 528 F.2d 1169, 1173 (4th Cir. 1975); *Cotton v. Hinton,* 528 F.2d 1326, 1330 (5th Cir. 1977)).

The Court further finds that the settlement and resolution of Plaintiff's remaining non-FLSA claims does not work an "imputed discount" on Plaintiff's recovery under the FLSA

6

that would make the settlement otherwise unfair or unreasonable, because the Parties are settling Plaintiff's unpaid overtime claim for its full value. *See Robertson v. Ther-Rx Corp.*, Civil No. 2:09-10, 2011 WL 1810193, *2 (M.D. Ala. May 12, 2011) (finding that general release for all employment claims against former employer "does not does not create an imputed discount for the FLSA claims" in similar circumstances).

## IV.     THE PROPOSED FEE AWARD IS REASONABLE.

The Settlement Agreement also includes payment for attorneys' fees and litigation costs.  The Court has reviewed the Agreement according to the traditional lodestar method and finds the fees and costs reasonable. *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) ("In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate."); *Leigh v. Bottling Grp., LLC*, Civil No. 10-0218, 2012 WL 460468, *9 (D. Md. Feb. 10, 2012).

Finally, the Court would note that a settlement resolves a *bona fide* dispute when an employee claims entitlement to payment, and "neither the Settlement Agreement, nor the negotiations that preceded it, represent any admission by Defendant[ ] of any violation of law, or any liability to Plaintiff [ ]." *Lomascolo,* 2009 WL 3094955 at *16–17.

## V.     CONCLUSION

Thus, having reviewed *in camera* the Settlement Agreement, this Court finds, for the reasons stated above, it to be in compliance with the dictates under the FLSA and finds it to be a fair and reasonable resolution of a *bona fide* FLSA dispute pursuant to *Lynn's Food Stores* and *Lomascolo.*

Accordingly, it is hereby **ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement [Doc. 18] be **GRANTED** with regard to Plaintiff Richard H. Perkins, by Executrix Nancy Brady Jones, and that the above-styled case be **DISMISSED,** with prejudice.  It is so **ORDERED.**  The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

DATED: ~~May 31, 2016~~

6/1/2016

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

8109523.1